JANE REBECCA GRIFFITH, JAMES S. KEYS AND RUTH HIS
WIFE *et al. vs.* PETER REIGART AND WIFE.—*June,* 1848.

A decree of the Court of Chancery upon a creditor's bill, finally and conclu-
sively establishes the claim of the complainant creditor, and the insufficiency
of the personal estate to pay the same, and prevents the running of limi-
tations against the claim, as a simple contract debt.

The case of *Belt, Wright & Carroll vs. Diggs and others,* decided at June term,
1836, is not in conflict with the decision in this case.

APPEAL from the equity side of *Baltimore* County Court.

On the 29th March, 1839, a bill was filed on the equity side
of said court, by *Margaret Hermange* and *Mary H. Hannon,*
for the sale of certain real estate lying in the city of *Baltimore,*
which had been mortgaged to the complainants by one *George
Riston,* and afterwards conveyed by said *Riston* to *Henry B.
Griffith,* who had deceased prior to the filing of the bill, and
whose widow and heirs were made defendants. The proceed-
ings in the case prior to the decree are immaterial to the ques-
tions involved in this appeal. The decree for a sale of the
mortgaged premises was passed on the 4th September, 1839.
The property was sold on the 30th April, 1840, and on the 2d
October, of the same year, the auditor stated his first account
by which a large surplus of the proceeds, after satisfaction of
the mortgage debts, was assigned to the widow and heirs of
said *Griffith.* This account was not ratified, but ordered to
stand for hearing, and on the 5th November, of the same year,
the auditor stated a second account correcting an error in the
interest allowed to the complainant, *Margaret Hermange.* The
widow of *Griffith* then filed her petition, claiming her propor-
tion of the proceeds of sale in lieu of her dower, and the
administrators of said *Griffith* filed their claim for the refunding
of over-payments made by them as administrators. No notice
was given to creditors to file their claims, and no further audi-
tor's account stated until the 15th April, 1845.

On the 2d April, 1845, the appellees, *Peter Reigart* and
*Catharine,* (formerly *Catharine Diffenderfer*) his wife, filed in

the cause their petition, in which they allege that said *Griffith* in his life time was indebted to the petitioner, *Catharine*, in the sum of $2,000, with interest, on his promissory note to her for that sum.   That in the year 1841, after the death of said *Griffith*, his personal estate being insufficient for the payment of his debts, the said *Catharine* filed her bill in the Court of Chancery against the widow and heirs-at-law of the said *Griffith*, for the sale of certain real estate of the deceased, situated in *Montgomery* County, for the payment of her said claim.   That on the 18th May, 1841, a decree was passed for the sale of said real estate, which was accordingly sold, but the proceeds were insufficient to pay said claim, leaving a balance of $948 76, with interest from the 18th June, 1842, still remaining due, as will appear by the auditor's second report and account, dated the 4th January, 1843, and ratified by the Chancellor, on the 6th of the same month.   The petition then charges that the surplus in the hands of the trustees in this case, which has been assigned by the auditor to the heirs of said *Griffith*, is applicable to the payment of the claim of the petitioners, and prays that an order to that effect may be passed.

To this claim set up in this petition, the widow and heirs of *Henry B. Griffith*, pleaded the statute of limitations.

On the 15th April, 1845, the auditor filed a third report, in which he states that the claim of *Reigart and wife* had been filed, but as the plea of limitations had been filed thereto, it had not been stated.   On the same day the court again referred the case to the auditor with directions to state a new account in which the sum of $1,050, is to be reserved to answer the claim of *Reigart and wife*, and granted leave to the petitioners to take testimony before the auditor in support of their claim.   Under this leave, the record of the proceedings on the bill filed in Chancery in 1841, by the appellee, *Catharine*, referred to in the petition, was then filed in the cause.   By this record it appears that the bill in that case, was filed on the 20th January, 1841, by *Catharine Diffenderfer*, alleging that said *Henry B. Griffith*, was, in his life time, indebted unto the complainant in

the sum of $2,000, on a certain promissory note for that amount made by the said *Griffith*, by the name of "*H. B. Griffith & Co.*" and a certain *William Street*, as his surety, dated the 31st December, 1831, and payable to the order of complainant three months after date, as will appear by the note which is exhibited with the bill. The bill then particularly describes certain real estate, situated in *Montgomery* County, of which said *Griffith*, died seized and possessed, and after averring the insufficiency of his personal estate for payment of his debts, prays that the said real estate may be sold for the payment of the claim of complainant. The defendants to this bill were the widow and heirs-at-law of said *H. B. Griffith*, the same who were parties to the proceedings in *Baltimore* County Court. Two of the heirs who were infants answered by guardian, the other defendants by counsel, admitting the facts stated in the bill, and submitting to such decree as the court might deem proper. Proof was then taken establishing the claim of the complainant, the insufficiency of the personal assets, and the relationship of the defendants. And on the 18th May, 1841, the Chancellor passed a decree "that the real estate in the proceedings mentioned, whereof *Henry B. Griffith* died seized, shall be sold for the payment of his debts," &c. The sales were then made and finally ratified in April and October, 1842. The auditor then filed two accounts, the second of which was ratified on the 6th January, 1843, and showed the balance before stated, of the claim of the complainant to be still due and unpaid.

Upon this proof, the auditor of *Baltimore* County Court filed his fourth report and account, on the 26th April, 1845, allowing the claim of the appellees, which by agreement, was, if recoverable, stated to amount to $1,126 06.

To this account the appellants filed exceptions. 1st. On the ground that it was barred by limitations. 2d. That the personal estate of *Griffith* was not yet collected and exhausted. These exceptions the court (LE GRAND, A. J.,) overruled and ordered the claim of *Reigart and wife* as stated in said account

to be allowed, and the said account to be finally ratified and confirmed.    From this decree the present appeal was taken.

The cause was argued before DORSEY, C. J., SPENCE, MARTIN and FRICK, J.

GLENN and McMAHON, for the appellants, insisted :—

1st. That the statute of limitations running against the claim until the filing of the petition in April, 1845, was a clear bar to it, unless there be something in the proceedings on the bill filed by *Mrs. Reigart*, in 1841, changing the nature of the original claim or removing the bar of the statute.

.  2d. That there is nothing in the proceedings in said chancery cause, changing the original nature of the claim of *Mrs. Reigart*, against said *Griffith*, as a simple contract debt.

.  3d. That the answers in that case, filed in *April*, 1841, are insufficient to take the claim out of the statute, and were never of any avail for that purpose, as it regards the answers put in by guardian for the infant defendants.

4th. That there was no sufficient proof of the exhaustion of the personal estate.

By DAVID STEWART and WM. GEORGE BAKER for the appellees.

As to the first objection, that the claim is barred *by limitations*, the appellees contend that limitations do not bar, for the claim is not founded on the *note* of *Henry B. Griffith*, but on the *decree* of the Court of Chancery, a court of competent jurisdiction, made between proper parties, the same who are parties to the cause in *Baltimore* County Court, the widow and heirs of the deceased.   It is not contended, that the decree in Chancery establishes any *personal* claim against the heirs and widow of the deceased, but that it establishes, finally and conclusively, a claim against *all the real estate of which the deceased* died  , seized, and the *proceeds of all such real estate*.

That the decree in a creditor's bill *establishes the claim* of the complainant in the cause, finally and conclusively, is settled

beyond controversy. *Strike's case*, 1 *Bland*, 68. *Strike vs. McDonald & Son*, 2 *H. & G.* 261. *Williamson vs. Wilson*, 1 *Bland*, 441. *Hammond vs. Hammond*, 2 *Bland*, 359. *Simmons vs. Tongue*, 3 *Bland*, 353.

As to the second objection, not only does the decree establish the claim, but it establishes that the personal assets are insufficient for the payment of the debt. See same cases above cited, and *McKubin vs. Brown*, 1 *Bland*, 415. The ground of these decisions is, that in order to obtain a decree for the sale of the real estate, both the *claim*, and the *insufficiency* of the *personal estate to pay it*, must first be proved. When a decree is passed, it shows that the claim has been proved, and that the insufficiency of the personal estate has been proved.

Besides, it is admitted in this cause, not only that the personal estate is insufficient, but that it has been more than exhausted; the administrators having been in the auditor's *fourth* account, allowed by agreement, $2,000, for over-payments made by them as administrators.

But it has been contended by the appellant's solicitors, that the decree in Chancery only establishes the claim in that particular case; that it does not change the original nature of *Mrs. Reigart's* claim, as a simple contract debt, with reference to the case in *Baltimore* County Court.

The general rule of evidence, in regard as well to decrees in equity as judgments at law, is, that they are binding on all *parties* and *privies*, as well in other cases in which they are adduced in evidence, as in the cases themselves in which such judgments or decrees are passed. Decrees in equity are binding on all who are parties to the cause, and all claiming under them, or represented by them. *Story's Eq. Pleading*, 608. 1 *Stark. Ev.* 253. *Manigault vs. Dreas*, 1 *Baily's Eq. Rep.* (*S. C.*) 293. And there is nothing in this case to take it out of the operation of the general rule. The decree in question established two facts:—1st. The complainant had a just and valid claim against the deceased, *Henry B. Griffith*. 2d. That his personal assets were insufficient for the payment of the

debt so established. Against whom were those facts established? Against the widow, the heirs and administrators of the deceased debtor, the parties defendant, and inasmuch as it was a creditor's bill, and the creditors were required to come in and prove their claims, against the creditors of the deceased also. By the establishment of these two facts, *all the real estate* of which the debtor *died seized*, became liable for the payment of the debt so established. The *remedy* applied by the Court of Chancery, was a decree for the sale of the *Montgomery* County lands, which were all the real estate of the deceased debtor, except that in *Baltimore* city, which had been previously sold by order of *Baltimore* County Court, but the *remedy* thus applied, did not *limit* the binding operation of the facts so established, as against the widow and heirs, *merely* to the lands in *Montgomery* County; for the complainant had no *specific lien* against *those lands*, as *distinguished* from *other real estate* of the debtor: her claim *against the real estate* arose not by *contract*, as by mortgage or other specific lien, but was given by act of Assembly, not against any *specific portion*, but against *all and every part* of the real estate; all is made amenable to the satisfaction of her claim.

If the Chancery proceeding be regarded as a proceeding *in rem*, it is submitted that from the character of the bill, being a creditor's bill, it is a proceeding *against all the real estate* of the deceased. The complainant is first bound to exhaust the *Montgomery* County lands; but the proceeds of those lands having been exhausted, the decree still remains operative to establish the debt and insufficiency of personal assets, as against all other real estate of which *Henry B. Griffith* died seized, and the proceeds thereof.

Further, assuming that the debt of the complainant is not made by the decree, so far a *decree debt*, as to constitute the decree, the foundation of a further proceeding against the heirs *as to other real estate* of the deceased, it is submitted, that the application of proceeds of the sale towards the payment of the complainant's claim by the auditor's accounts ratified by the Chancellor, operates to remove the bar of limitations as to the

balances then remaining due for three years from said ratifications, and before the expiration of three years from the ratification of the last auditor's account, the claim was filed in *Baltimore* County Court, the auditor's second account having been ratified 6th January, 1843, and the claim filed before 15th April, 1845.

It will be observed that according to the usual course of the court, the decree in the chancery cause requires *notice* to be given to the creditors of the deceased, that in conformity thereto *notice was* given, and inasmuch as *no creditor* produced a claim except the complainant, it must be presumed that the complainant is the only creditor, and in fact, no exception having been taken on the ground of there being other creditors, none can be taken in this court.

As to the third objection, the costs incurred by the exhibition of the claim are rightfully allowed by the auditor; when the estate is *solvent,* as in this case, even the costs of re-stating the account by the auditor are to be paid by the estate, *Dorsey vs. Hammond,* 1 *Bland,* 468; but here the claim was filed before the auditor's account was stated; and the account was required to be stated, to state the claim of the administrator as agreed on: Besides in this case there is no ground to impute *laches* to the *appellees* in not sooner filing their claim, inasmuch as *notice to creditors* was not given, as in cases where the proceeds of the real estate of a deceased debtor are to be distributed, there ought to have been, according to the course of the court in such cases.

For these reasons it is submitted, that the order of the court below should be affirmed.

SPENCE, J., delivered the opinion of this court.

On the 29th March, 1839, *Margaret Hermange* and *Mary H. Hannon* filed their bill in *Baltimore* County Court, as a court of equity, for the sale of certain real estate, situated in the city of *Baltimore,* which had been mortgaged by *George Riston* to *Margaret Hermange* and another, and afterwards conveyed by *Riston* to *Henry B. Griffith,* who died prior to the

filing of this bill, and whose widow and heirs were defendants.

On the 4th September, 1839, a decree was passed for the sale of the real estate, which was sold on the 30th April, 1840. The auditor filed his first account on the 2d October, 1840, a second on the 5th November, 1840, and the third on the 15th April, 1845, before which time the claim of the appellees was filed in the cause.

This claim is stated to have arisen as follows:—

*Catharine Diffenderfer*, one of the appellees, who afterwards intermarried with *Philip Reigart*, the other appellee, was a creditor of *Henry B. Griffith*, deceased, on his note for $2,000. The personal estate of *Henry B. Griffith* being insufficient for the payment of his debts, on the 20th January, 1841, the said *Catharine* filed in the Court of Chancery a creditor's bill, setting forth her claim, and alleging the insufficiency of *Griffith's* personal estate to pay his debts. The widow and heirs of *Griffith*, by their answers, admitted the truth of the charges in the bill.

Under the commission to take testimony, the execution of the note to the said *Catharine*, and the insufficiency of the personal estate of the said *Griffith*, were proved by competent testimony.

On the 18th May, 1841, the Chancellor decreed the sale of the real estate of said *H. B. Griffith*, in *Montgomery* County. By virtue of said decree, the lands were sold by the trustee. On the 25th October, 1842, the auditor's first account was ratified, which established the claim of the appellants, and his second, on the 6th January, 1843. This last account of the auditor shows that a large part of the complainant's claim is unsatisfied. It is to obtain the payment of this unsatisfied balance of this claim out of the surplus of the proceeds, after payment of the mortgage debt, of the real estate sold by the decree of *Baltimore* County Court, this application is made.

The widow and heirs of *H. B. Griffith* pleaded the act of limitations to this claim, and excepted to the auditor's account, which allowed the same. The court overruled the exceptions,

and ratified the auditor's account, and from this order of the court thus ratifying the auditor's account, this appeal is taken.

The decree of the Chancellor of the 18th May, 1841, decided the insufficiency of the personal estate of *Henry B. Griffith* to pay his debts, and the decree for the sale of the real estate for the satisfaction of this debt, is a final decision in favor of the claim of this creditor, on the ground that the decree can only be passed, upon the establishment of the debt. But it is said in support of the plea of limitations, that it is a decree *in rem*, and this is true; but, it at the same time ascertains and decides the indebtedness of the deceased, and the insufficiency of his personal estate to pay the same. If the decree in this case is to be viewed and taken as passed by a court of competent jurisdiction, to adjudge and determine the indebtedness, and the law subjects the real estate of all persons who die indebted, not leaving personal estate sufficient to pay their debts, to be thus applied, what sound objection can be advanced, that an adjudication thus made, should not be deemed and considered at the date of the decree, as a judgment, final and conclusive of the debt, and insufficiency of the personal estate to pay the debt?

It was insisted in the argument, that the decision of this court at June term, 1836, in the case of *Belt, Wright & Carroll vs. Diggs et al.* was in conflict with this view of this question. But upon examination, it will be found that that case is distinguishable from the one now under consideration. The decree in that case was for the sale of specific property, which had been mortgaged for the payment of a specific debt for which the mortgagor was not personally liable, and the legal estate being in the mortgagee, the office of the decree was to do nothing more than by a sale, to divest the equitable interest, to pay the debt for which the mortgaged premises only were answerable. It would not be contended for a moment, that under a decree to foreclose such a mortgage, that the personal liability of the mortgagor, or any other property or estate than that embraced and described in the mortgage and decree, could be affected thereby. Whereas, the decree on a creditor's bill

for the payment of debts is general, " the real estate or so much thereof as is necessary for the payment of the debts." The fund which the petition in this case prays may be applied to the payment of this debt, is the surplus proceeds of real estate, after the payment of the mortgaged debt in the hands of the trustee; and, as we think, the statute of limitations is not a bar, we affirm the order of the court below.

                                        DECREE AFFIRMED.